By the Court,

Savage, Ch. J.
The words laid in the declaration and proved upon the trial were not actionable, unless the affidavit, which was said to be false, was made in the course of a judicial proceeding, or false swearing in such an affidavit had been declared perjury by statute. No statute has been referred to ; the question therefore is, whether the affidavit was made in the course of a judicial proceeding. By the act of 1824, regulating proceedings before justices in civil suits, it is enacted that the writ of certiorari shall not be *allowed or be of any force or effect, except in cases where remedy by appeal is not provided, and the remedy by appeal is given in all cases where there has been a trial. The cause before the justice was one in which a certiorari ivas prohibited; but that T apprehend, does not determine the question whether a party may or may not be guilty of perjury, in swearing false in an affidavit made for the purpose of applying for the writ. There were cases in which the certiorari was the proper remedy. The supreme court had jurisdiction of the question when that writ should issue ; the application for it must be founded upon an affidavit, and the commissioner had authority to administer an oath in such a case. In Sternbergh v. Kortz, 10 Johns. R. 167, it was held that where a party was erroneously sworn in his own cause, he might be guilty of perjury, especially while the proceedings remained unreversed. There was no want of jurisdiction in this case, either in the court of the officer who administered the oath ; and as there was no question at the trial, or- upon the argument as to the materiality of the facts stated in. the affidavit, we are not called upon to express any opinion upon that point. I think the judge erred upon the point on which the nonsuit was granted.
New trial granted; costs to abide the event.